## Routzahn v. Brown Hotel.

May 25, 1948.

Garland R. Hubbard for appellant.

Robert F. Vaughan for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Mrs. Leona Routzahn, appellant, sued Brown Hotel, appellee, for personal injury damage. The trial resulted in a judgment for the hotel by directed verdict at the conclusion of evidence on her side. She appeals.

Mrs. Routzahn now contends that the giving of the peremptory instruction, based on a failure to show proximate cause, constituted reversible error.

Appellant, an elderly lady from Indiana, was visiting her daughter in Louisville on Sunday, September 2, 1945, when the two, along with their husbands, emerged from the Brown Hotel Coffee Shop after taking the noonday meal at that place. They came out by its Broadway exit through a revolving door opening upon a small vestibule, which measures several feet in each direction. Mrs. Routzahn came first and then came her daughter, her husband, her son-in-law. The exact location of each one at the precise moment of this mishap was not accurately shown by this record, but we have gathered the impression that all, except Mrs. Routzahn, were behind the revolving door or within it at the time. The floor of that vestibule is terrazzo, which is a common type of construction made out of a mixture of marble chips and cement and which is sometimes slippery, especially under moist conditions. But on this occasion, the floor was not moist. Neither was it obstructed by any foreign element like a banana peeling. This floor slopes almost imperceptibly toward the sidewalk. And at the sidewalk it meets a stepdown of about six inches. After emerging from the revolving door and before stepping upon the sidewalk, this good lady fell, broke her hip and became seriously injured. At the time, no conversation diverted her attention. Neither did her ankle turn. Yet she fell. According to her own account, she fell forward and directly onto the sidewalk. No one said that she was picked up from the vestibule

floor or that she merely rolled from the vestibule floor to the sidewalk where she lay after the fall.

We find it unnecessary to decide any question as to any alleged negligence in the construction or maintenance of this vestibule floor, since the peremptory instruction was given entirely on the ground of a failure to show proximate cause. Therefore, we are concerned only with the sufficiency of Mrs. Routzahn's evidence to show that the hotel's floor, assumed to be slippery, was the adjacent, direct, efficient cause of her fall. It seems reasonably certain that the fall came from one or the other of these two causes, viz., (1) the hotel's slippery terrazzo floor or (2) Mrs. Routzahn's careless step from that floor to the sidewalk.

In her deposition, Mrs. Routzahn related as follows:

"Q. You can't recall now whether you recalled then that there was a step down? A. Well, I knew there was a step there but I didn't know that I had gotten to it, really.

"Q. At the time you fell? A. Yes.

"Q. And that was what really caused you to fall, as you remember? A. Well, I don't know whether it was the step or whether I just slipped and went down.

"Q. You don't know whether it was the step or just because you forgot the step down to the sidewalk, is that right? A. I could not tell you."

In her cross examination on the trial itself, Mrs. Routzahn related still further:

"Q. Now, Mrs. Routzahn, are you able to tell the court and the jury what caused you to fall? A. No, I haven't any idea what made me fall. I just went down —slipped and went down.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Is it not a fact when you started out there you missed that step and pitched forward on the sidewalk? A. I may have missed the step."

When Mrs. Routzahn testified that she did not know what made her fall and that she may have missed the step and that she fell forward and upon the walk, which was right at the vestibule step, the only remaining con-

clusion for a reasonable mind was, we think, that this accident's proximate cause lay in her own mis-step there at the vestibule step-down. Therefore, it appears that the trial court was justified in directing a verdict for the hotel. Determination of what constitutes the proximate cause of a given accident ordinarily rests with the jury. But if the facts are such that only one logical determination of the question can be reached by reasonable men, then a directed verdict is proper. See Watson v. Kentucky & Indiana Bridge & Ry. Co., 137 Ky. 619, 126 S. W. 146, 129 S. W. 341, and numerous authorities cited therein.

When some of Mrs. Routzahn's other witnesses testified that she slipped to some extent on the terrazzo, there probably then arose in this case a scintilla, which literally means a spark, of evidence tending to show the proximate cause right there in the terrazzo. But a scintilla or spark is not sufficient evidence to take a case to a jury for its discretionary verdict. Nugent v. Nugent's Ex'r., 281 Ky. 263, 135 S. W. 2d 877. If a scintilla of evidence is a spark, then a sufficiency of evidence must be a flame. Sometimes, spark evidence flares into flame evidence, e. g., when fanned by such logical circumstances as to make it acceptable to reasonable minds. Sometimes, flame evidence smolders into spark evidence, e. g., when it contradicts some law of nature. Now, in the instant case, the above mentioned spark evidence did not flare into flame evidence, because it never was fanned by logical circumstances. But on the contrary, the logical circumstances tended to smother rather than to fan the spark. We reach that definite conclusion from our observation that Mrs. Routzahn herself, who was in the very best position to know, says she could not tell whether the fall came from the slippery floor or from her mis-step, also from our further observation that Mrs. Routzahn fell forward and onto the walk. All these circumstances, we believe tender to smother rather than to fan the spark evidence produced by other witnesses of the case. And so, *sufficient evidence* tending to establish the terrazzo floor as the proximate cause of Mrs. Routzahn's injury was, according to our viewpoint, never produced on this trial.

While life has never presented such a thing as an indispensable man, yet every lawsuit of this particular

552

kind presents as one of its indispensable elements that thing referred to by the courts and lawyers through the years as proximate cause. We have consistently held that it is not sufficient in cases of this type to prove negligence and damage, but that it is also necessary to prove that the latter came from the former in a direct and efficient way. See Johnson v. Mobile & O. R. Co., 178 Ky. 108, 198 S. W. 538; Sutton's Adm'r v. Louisville & N. R. Co., 168 Ky. 81, 181 S. W. 938.

Wherefore, believing that Mrs. Routzahn did not prove with a sufficiency of evidence that her damage was proximately caused by any act or omission or condition fostered by the hotel, we consider that the trial court properly directed a verdict for the latter on this trial.

The judgment is affirmed.